IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY L. ADAMS, | ) | |
| Petitioner, | ) | Civil Action No. 15-293 Erie |
| | ) | |
| v. | ) | Judge Barbara Rothstein |
| | ) | Magistrate Judge Susan Paradise Baxter |
| | ) | |
| SUPERINTENDENT NANCY GIROUX, | ) | |
| et al., | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus be dismissed as moot, that a certificate of appealability be denied, and that this case be closed.

### II. REPORT

**A. Discussion**

Troy L. Adams is a state prisoner incarcerated at SCI Albion. In his petition for a writ of habeas corpus, which he filed pursuant to 28 U.S.C. § 2254, he contended that his rights under the Interstate Agreement on Detainers had been violated. Specifically, he challenged the validity of a detainer lodged against him by the State of Maryland, Worcester County. As relief, he requested that the detainer be "dismissed" so that the Pennsylvania Department of Corrections would not release him to the custody of the State of Maryland when he completes service of the Pennsylvania sentence he is now serving.

On May 31, 2016, counsel for Adams's custodian (the Superintendent of SCI Albion) and the Attorney General of the Commonwealth of Pennsylvania filed a notice that this case was moot, which

1

Adams (who did not file a reply) does not deny. [ECF No. 12]. It was explained that this habeas action prompted Beau H. Oglesby, the Attorney for Worcester County, Maryland, to inform Adams that:

> I have reviewed your Interstate Agreement on Detainers request and due to the age of the case, inability to contact key witnesses, and costs incurred by pursuing this matter, I have reconsidered the original extradition request made by the previous administration. This office will not pursue this case any further and will subsequently enter a motion to dismiss. Extradition will not be necessary. If you have any further questions or problems please contact my IAD Coordinator, Chief Investigator, Rick Taylor at the address/phone listed below.
>
> A copy of this letter will also be forwarded to the SCI-Albion Records Department.

[ECF No. 12-1, Ex. A]. As a result of Attorney Oglesby's letter, SCI Albion deleted the detainer that Adams challenged in his petition. [ECF No. 12-1 at 6, Ex. B].

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant *and likely to be redressed by a favorable judicial decision*.'" Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990), which cited Allen v. Wright, 468 U.S. 737, 750-51 (1984) and Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." Id. (citing Lewis, 494 U.S. at 477-78). Thus, if developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Id. at 147-

2

78. See also Keitel v. Mazurkiewicz, 729 F.3d 278, 280 (3d Cir. 2013); BRIAN R. MEANS, Federal Habeas Manual § 1:66, WestlawNext (database updated May 2016).

Applying these precepts to this case, the Court must conclude that this case is moot. Adams received the relief he requested in the petition and there is no longer a case or controversy for this Court to consider. Spencer, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so."); Burkey, 556 F.3d at 147; Keitel, 729 F.3d at 280.

### B. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition filed by a state prisoner. As codified at 28 U.S.C. § 2253, it provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of reason would not find it debatable whether the petition should be dismissed as moot. Accordingly, a certificate of appealability should be denied.

3

**III.     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed as moot, that a certificate of appealability be denied, and that this case be closed.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


July 8, 2016
/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge